966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jerry Lynn HIGH, Defendant-Appellant.
 No. 91-5619.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 9, 1992
Decided: June 4, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Solomon Blatt, Jr., Senior District Judge. (CR-89-25-2)
 Argued: Parks Nolan Small, Federal Public Defender, Columbia, South Carolina, for Appellant.
 Robert Hayden Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.
 On Brief: E. Bart Daniel, United States Attorney, Charleston, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before NIEMEYER, Circuit Judge, BUTZNER, Senior Circuit Judge, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal arises from defendant's conviction on drug trafficking counts, one for attempt to possess cocaine in violation of 21 U.S.C. § 846, and one for actual possession of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Perceiving no harmful error below, we affirm.
 
 I.
 
 2
 DEA agents arranged a reverse sting operation in which an agent offered defendant two kilograms of real cocaine in a hotel room in Charleston, South Carolina. Defendant was tempted into this situation by an acquaintance of his, Marco DeSana, who was cooperating with the DEA. In the hotel room, the agent offered the two kilograms of cocaine, and the parties discussed the purchase of eighteen additional kilograms of cocaine. To pay for the cocaine, defendant agreed to mortgage property he owned to the agent by means of mortgage documents drawn up by the agent. The mortgage documents were false; the property was already mortgaged to its full value. Defendant signed his and his wife's names to the document. To receive the additional cocaine, defendant and the agent had to travel outside to the agent's car. Once there, the agent moved the cocaine (actually flour) to defendant's car, and defendant was arrested. The transaction was tape recorded, and this was later introduced as evidence at trial.
 
 
 3
 A two count indictment was brought against defendant. In the first count, defendant was charged with attempt to possess twenty kilograms of cocaine. In the second count defendant was charged with actual possession of two kilograms of cocaine.
 
 
 4
 Defendant unsuccessfully defended himself claiming, alternatively, entrapment and lack of intent in that he was only attempting to expose the wrongdoers himself. He was found guilty by a jury on both counts.
 
 
 5
 The trial court thereafter relieved defendant's counsel from further representation of defendant based on defendant's allegation of ineffective assistance of counsel primarily because counsel had not had an expert review the audio tapes introduced at trial. The court appointed new counsel from the Federal Public Defender's Office. Defendant made a motion for a new trial arguing that the audio tapes had been tampered with. Two experts were appointed to examine the tapes prior to the hearing on the motion. Defendant chose one of the experts, and the other was an acknowledged national expert on audio acoustic matters. Neither evaluation supported defendant's claim that the tapes had been tampered with. Defendant also raised issues of ineffective assistance of counsel to which his former attorney responded. Finally, defendant made a motion to require the government to elect between the two counts on the grounds that they merged. The trial court denied the motions.
 
 
 6
 At sentencing, defendant raised the issue of the quantity of cocaine attributable to him, arguing that, without money, he was not reasonably capable of buying cocaine. Defendant was sentenced on count one to 360 months and on count two to 360 months to run concurrently with count one and the North Carolina sentence he is now serving, a sentence of seventy years also for drug offenses. Defendant has raised several issues on appeal: whether the trial court should have required the government to elect between the two counts charged, whether the trial court erred in failing to find that defendant was not reasonably capable of purchasing the cocaine, and whether the trial court erred in failing to grant his motion for a new trial. We take each in turn.
 
 II.
 
 7
 As described above, count one of the indictment charged defendant with attempted possession of twenty kilograms of cocaine while count two charged him with actual possession of two kilograms of cocaine. The two kilograms were part of the transaction in the hotel room while an additional eighteen sham kilograms were transferred outside.
 
 
 8
 Defendant argues that it is a rule of statutory interpretation that attempt and the consummated offense merge into one crime unless there is clear intent by Congress to otherwise punish the behavior. Defendant describes the indictment as "multiplicitous," charging a single offense in several counts, and believes that such a format may suggest to the jury that a defendant has committed not one but several crimes.
 
 
 9
 The government responds that Federal Rule of Criminal Procedure 8(a) allows for the charging of two or more offenses as separate counts if the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
 
 
 10
 The government further asserts that the test to be applied when determining whether there are two separate offenses or only one is whether one count requires proof of an additional fact which the other does not. Blockburger v. United States, 284 U.S. 299 (1932). The government appears to have satisfied that standard. Actual possession of the cocaine in the hotel room required a showing that defendant knew of the presence of the two kilograms of cocaine and had the power to exercise dominion and control over them. United States v. Schocket, 753 F.2d 336 (4th Cir. 1985). Attempted possession of the remaining drugs required a showing of intent and a substantial step toward commission of the crime.
 
 
 11
 Despite the questionable wisdom of counting the same two kilograms in both counts of the indictment, it appears that this had no effect on the outcome of defendant's case. Defendant's base offense level is calculated in the same fashion for any amount between 500 grams and 2 kilograms. U.S.S.G. § 2D1.1. Because the lower court found the relevant amount of drugs to be 2 kilograms (JA 249-50), he faces no more incarceration than he would have otherwise. Thus, if there was error in the drafting of the indictment, it was harmless error.
 
 III.
 
 12
 Defendant next appeals the lower court's determination that he was reasonably capable of purchasing the cocaine. Defendant argues that, because the mortgage documents he signed were worthless, he did not truly have the ability to purchase the cocaine, and should not be held accountable for two kilograms under the guidelines.
 
 
 13
 The parties have argued over the application of United States v. Richardson, 939 F.2d 135 (4th Cir. 1991), cert. denied, 112 S. Ct. 942 (1992), where this Court held that the lower court must find that a defendant was reasonably capable of producing ten kilograms of cocaine before he could be held accountable for ten kilograms under the sentencing guidelines. Defendant High has argued that the relevant section of the Sentencing Guidelines, § 2D1.4, should be applied to purchases and sales. The government has opposed that interpretation. At oral argument, the parties recognized the applicability of United States v. Brooks, 957 F.2d 1138 (4th Cir. 1992). In Brooks this Court stated that § 2D1.4 applies "to purchases as well as sales." Id. at 1151. The Court went on to state that a trial court "is required to exclude an unsuccessfully negotiated amount only where the defendant lacked both the intent and the ability to complete the drug transaction." Id. (citation omitted) (emphasis original). The record in that case revealed that the defendant in question "owned various properties collectively worth in excess of $300,000, which he offered to pledge as collateral to support his purchase of the drugs on credit." Id. at 1151-52 (citation omitted). This was enough to satisfy the ability portion of the standard.
 
 
 14
 The parallel for the case at bar is obvious. Defendant owned the property he attempted to mortgage. He had apparently used the property in the past as collateral for loans. (JA 193). He knew what he was doing and had the apparent ability to carry it out whether or not the property was already fully mortgaged. The record supports the district court's determination regarding defendant's reasonable capability of purchasing the cocaine.
 
 IV.
 
 15
 Defendant lastly complains of the district court's denial of his motion for a new trial. Defendant argued below that he suffered ineffective assistance of counsel both because counsel did not have the DEA's tapes analyzed for tampering and because of his handling of the entrapment defense. As noted earlier, two experts, one of defendant's choosing, were subsequently appointed to analyze the tapes.
 
 
 16
 No evidence to support defendant's claim of tampering was disclosed. Further, defendant believes that trial counsel should have put on witnesses who would have supported his claim that he was conducting his own drug investigation. Though certain federal and state agents did testify that defendant asked them at one point whether his acquaintance, DeSana, was a government agent, as appellate counsel points out, it could be inferred from such an inquiry that defendant was merely trying to protect himself. As counsel further points out, the jury elected not to believe defendant's version of events on proper instruction. This claim, too, is without merit.
 
 
 17
 There being no error below, the decisions of that court are hereby
 
 
 18
 AFFIRMED.